UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DYNASTY INTERNATIONAL LLC and <br> BRUCE MICHAEL ABRAHAMSON, <br><br> Plaintiffs, <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 2:15-CV-374 JD <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This case was filed in this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Generally, federal courts have original subject matter jurisdiction in diversity cases where there is complete diversity of citizenship among the parties and where an amount in excess of $75,000 is in controversy. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). With regard to citizenship, Plaintiff Dynasty International LLC alleges that it "was a limited liability company residing in Nevada and was a citizen of Nevada." [DE 1 at 2].

This allegation is insufficient to establish diversity jurisdiction for two reasons. First, for diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Accordingly, the Court must be appraised of each of a plaintiff LLC's members and their citizenships, so the Court can ensure that none of them share a common citizenship with a defendant. *See Franke v. Cana Invs., LLC*, 333 F. App'x 106, 107 (7th Cir. 2009) (stating that as to an LLC, "it is essential to know all of its members and the citizenship(s) of each"). Dynasty International LLC does not, however, allege the names or citizenships of its members.

1

Second, the Plaintiffs allege that Dynasty International LLC "*was* a limited liability company residing in Nevada and *was* a citizen of Nevada." [DE 1 at 2] (emphasis added). But diversity of citizenship is evaluated at the time of filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004). Accordingly, whatever Dynasty International LLC's citizenship may have been previously is not relevant; the Plaintiffs must appraise the Court of Dynasty International LLC's current citizenship.

Therefore, the Court ORDERS the Plaintiffs to SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction prior to close of business on June 8, 2016. The Plaintiffs may also satisfy this order by either filing an amended complaint that properly alleges jurisdiction or by withdrawing their complaint to pursue it in an appropriate forum.

SO ORDERED.

ENTERED: May 26, 2016

                                              /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court