UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| DYNASTY INTERNATIONAL LLC and | ) |
| BRUCE MICHAEL ABRAHAMSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 2:15-CV-374 JD |
| v. | ) |
| | ) |
| LEXINGTON INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This case arises out of an insurance dispute. The Plaintiffs are successors in interest to property in Highland, Indiana, which they leased to Chrysler Realty Company LLC (CRC), a subsidiary of Chrysler, LLC (Chrysler). Chrysler had an insurance policy that covered that property through Defendant Lexington Insurance Company (Lexington). After the property was damaged, the Plaintiffs requested reimbursement from Lexington. Lexington declined to pay because it concluded that the Plaintiffs were not named as loss payees or insureds under Chrysler's policy. [DE 1]. The Plaintiffs then brought suit and Lexington responded with this motion to dismiss. [DE 14]. The parties have now briefed the motion and it is ripe for review. [DE 15]; [DE 20-1]; [DE 23].

## STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court will take the facts alleged by the Plaintiffs to be true and draw all reasonable inferences in their favor. A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, that statement must contain sufficient factual matter,

1

accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Evaluating whether a Plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## FACTS

Plaintiffs Dynasty International LLC (Dynasty) and Bruce Abrahamson (Abrahamson) are successors in interest to property located at 9850 Indianapolis Boulevard in Highland, Indiana (the Property). They leased that Property to CRC from October 1, 2007 to September 30, 2012. The lease agreement required CRC to obtain an insurance policy that named the Plaintiffs as insureds and covered the Plaintiffs' interest in the Property. As is relevant to this case, CRC's parent, Chrysler, procured an insurance policy from the Defendant (policy no. 004271621) effective from August 3, 2008 to August 3, 2009 (the Policy). The Policy did not explicitly name the Plaintiffs as insureds, though provided coverage for "Chrysler LLC and all subsidiary, affiliated, associated, or allied companies, corporations, entities, or organizations." [DE 1-5 at 17]. Aon Risk Services Central, Inc., an insurance broker, issued a certificate of insurance on December 12, 2008 which named the Plaintiffs as additional insureds. Additionally, that certificate stated that:

> This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below. [DE 1-6 at 1].

The Policy itself provided that:

> Aon may issue certificates of insurance for informational purposes only. Any Additional Insured, Loss Payee, Mortgagee, or Lender that the insured wishes to add must be added by specific endorsement. [DE 1-5 at 43].

2

At some point while the Policy was in effect, the Plaintiffs' property was damaged. They submitted a claim to Lexington, but Lexington rejected it after determining that the Plaintiffs were not named as loss payees or insureds under the Policy. The Plaintiffs now claim that Lexington has an obligation to compensate them for their loss. Accordingly, they brought this suit, which seeks payment of Policy proceeds.

**ANALYSIS**

1. Subject Matter Jurisdiction

The Court first addresses its subject matter jurisdiction. The Plaintiffs' complaint[1] fails to allege the current citizenship of the members of Plaintiff Dynasty International LLC and thus does not adequately allege diversity jurisdiction. Lacking any other apparent basis for subject matter jurisdiction, the Court issued a show cause order on May 26, 2016 requiring the Plaintiffs to indicate why this matter should not be dismissed. [DE 24]. The Plaintiffs then responded with a notice stating that Dynasty International LLC is now known as Dynasty Worldwide LLC, whose sole member is Excite Worldwide LLC, whose sole member is Bruce Abrahamson, a citizen of Indiana. [DE 25]. Thus, tracing through this network of LLCs yields a single member, Bruce Abrahamson, an alleged citizen of Indiana and also the other Plaintiff in this action. That makes both Plaintiffs alleged citizens of Indiana. *See Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) (noting that the citizenship of an LLC is determined by the citizenship of its members, which may need to be traced through multiple layers of business entities). Further, the Plaintiffs allege that Defendant Lexington is incorporated in Delaware and has its principal place of business in Massachusetts, which would

---

[1] The operative complaint in this matter remains the Plaintiffs' first complaint. [DE 1]. The Plaintiffs have since filed three proposed amended complaints, but they did not file any of them under Rule 15(a)(1) and the Court has not approved the filing of an amended complaint under Rule 15(a)(2).

make it a citizen of those states. *See* 28 U.S.C. § 1332(c)(1).[2] Thus, the Plaintiffs adequately allege that no Plaintiff shares a state of citizenship with the Defendant. Further, the Plaintiffs' complaint alleges that more than $75,000 is in dispute. [DE 1 at 2]. The Court accordingly finds that the Plaintiffs have adequately alleged diversity jurisdiction and proceeds to the merits of the Defendant's motion to dismiss.

2. Breach of Contract

The Plaintiffs first argue that they are parties to the Policy such that Lexington breached the Policy when it refused to compensate them for their loss. They assert that this is so for two reasons. First, they say that the certificate of insurance issued by Aon added them to the Policy as additional insureds. Second, they contend that they are named insureds under the language of the Policy itself. The Court addresses each argument in turn.

*The Certificate of Insurance*

Generally, "the presentation of [an insurance] certificate alone does not create coverage or legal duties." *Am. Family Ins. Co. v. Globe Am. Cas. Co.*, 774 N.E.2d 932, 939 (Ind. Ct. App. 2002). Thus, "no additional insured relationship exists where a certificate of insurance has been issued identifying an individual or entity as an additional insured without corresponding language in the policy or endorsement thereto that would include that individual or entity as an additional insured." 3 Couch on Ins. § 40:31. That is particularly true where, as here, the certificate of insurance contains a disclaimer to the effect that it "is issued as matter of information only and confers no rights upon the certificate holder" and "does not amend, extend

---

[2] The Court notes that this is not a "direct action." Direct actions are cases "where a party who suffered damage for which the insured is legally responsible brings suit against the insured's liability insurer without joining the insured or first obtaining judgment against the legally responsible party." *Camy v. Triple-S Propiedad, Inc.*, No. 15 C 2509, 2015 WL 3856097, at *3 (N.D. Ill. June 19, 2015) (internal quotation marks omitted). In such cases, the federal diversity jurisdiction statute provides that an insurer is not only a citizen of the state(s) where it is incorporated and has its principal place of business, but it also assumes the citizenship of its insured. 28 U.S.C. § 1332(c)(1). This, however, is a first-party denial-of-coverage action that does not fall within the direct action clause. *See id*. at *3, n. 3 (collecting cases).

4

or alter the coverage afforded by the policies below." [DE 1-6]; *see also Cincinnati Ins. Co. v. Vita Food Products, Inc.*, 808 F.3d 702, 705 (7th Cir. 2015) (noting that a certificate of insurance with similar disclaimer language was "not a contract" but "just information"); *Mountain Fuel v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir. 1991) ("The majority view is that where a certificate of insurance . . . expressly indicates it is not to alter the coverage of the underlying policy . . . the certificate will not effect a change in the policy.").

The Plaintiffs agree with this general rule. They claim, however, that an exception applies such that a certificate of insurance alters the terms of the policy where there is "an expression of intent" by the insurer or the insurer's agent that it do so. [DE 20-1 at 3]. This argument suffers from two flaws.

First, the Plaintiffs have not alleged an agency relationship between Lexington and Aon. Since the certificate of insurance was issued by Aon, Lexington would only be bound by it to the extent that Aon was acting as Lexington's agent and within its scope of authority. *See T.R. Bulger, Inc. v. Indiana Ins. Co.*, 901 N.E.2d 1110, 1116-17 (Ind. Ct. App. 2009). The Plaintiffs' failure to include an allegation of agency in their complaint precludes them from arguing that the certificate of insurance modified the Policy.[3] *See Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 938 n. 2 (7th Cir. 2016) ("The plaintiff's agency claim ordinarily must appear on the face of the complaint: it is fundamental that a plaintiff must plead and prove in order to win.") (internal quotation marks omitted). While the Plaintiffs now assert that Aon is Lexington's agent, "one cannot amend a complaint in a response to a motion to dismiss." *GE Capital Info. Tech. Sols., Inc. v. Campbell Ads LLC*, No. 2:11-CV-82 PPS-APR, 2012 WL 1677957, at *3 (N.D. Ind. May 14, 2012).

---

[3] The Court notes, however, that the Plaintiffs have included agency allegations in their proposed amended complaints.

5

Moreover, even if the Plaintiffs had adequately alleged agency, the above authority indicates that a certificate of insurance, without more, is insufficient to amend a policy to add an additional insured. The Plaintiffs say this is not so where there is "an expression of intent to incorporate the terms of the certificate into the policy." [DE 20-1 at 3]. But they do not meet the terms of their own exception.[4] Beyond the mere fact of the issuance of the certificate itself, they allege no such manifestation of intent by Aon or Lexington. The Plaintiffs argue that the issuance of the certificate itself suffices, pointing to *Sumitomo Marine and Fire Insurance Company of America v. Southern Guarantee Insurance Company of Georgia*. 337 F. Supp. 2d 1339 (N.D. Ga. 2004). In that case, the court found that "by issuing [a] Certificate of Insurance and naming [a party] as an additional insured, [the defendants' authorized agent] manifested the intent to incorporate the Certificates of Insurance into defendants' policies." *Id.* at 1355. But contrary to the Plaintiffs' assertions, the mere issuance of the certificate cannot be the manifestation of intent sufficient to depart from the general rule that an insurance certificate does not generally alter the terms of a policy. If that were so, certificates of insurance would always modify the policy and the exception would become the rule. Such a conclusion would be inconsistent with Indiana law. *See Am. Family Ins. Co.*, 774 N.E.2d at 939 ("ordinarily, the presentation of a certificate alone does not create coverage or legal duties"). Accordingly, the Court declines to follow *Sumitomo*.[5]

The remaining authority cited by the Plaintiffs is both distinguishable and non-binding. In *Employers Insurance of Wausau v. U.S. Fire Insurance Company*, an unpublished Illinois

---

[4] Since the Plaintiffs do not allege any viable manifestation of intent by Aon or Lexington to incorporate the terms of the certificate into the Policy, the Court need not determine whether a manifestation of intent could ever suffice to incorporate the terms of a certificate of insurance into a policy under Indiana law.

[5] The Court further notes that in *Sumitomo*, the insurance policy did not expressly prohibit adding an additional insured. In contrast, the policy at issue here provides that additional insureds can be added by endorsement only and that certificates of insurance issued by Aon are strictly for "informational purposes."

6

opinion, the court found a company to be covered under a policy where it was not named on that policy but was named as an additional insured on a certificate of insurance. No. 1-01-3426 (Ill. App. 1st Dist. 2002).[6] But in that case, the defendant led the party to believe it was an additional insured for nearly four years until it later asserted otherwise. *Id*. Moreover, the policy provided that additional insureds were those "person(s) or organization(s) required by written contract to be named as additional insured." *Id*. While there was no such written agreement, the parties agreed that the policyholder had "arranged to have [the alleged additional insured] listed as an additional insured under [the policyholder's] policy with the" insurer. *Id*. Further, recent Illinois authority indicates that a certificate holder cannot rely on a certificate bearing language identical to that in this case to establish that it is an additional insured. *Midwest Family Mut. Ins. Co. v. Walsh Const. Co.*, No. 1-13-3420 (Ill. App. Ct. 2015) (unpublished) ("This court has interpreted certificates of insurance containing this language—that 'this certificate does not amend, extend or alter the coverage afforded by the policies'—and held that the certificate holder cannot rely on the certificate in order to establish that it is an additional insured under the policy.") (citing *Westfield Ins. Co. v. FCL Builders, Inc.,* 407 Ill.App.3d 730, 736–37 (Ill. App. Ct. 2011); *United Stationers Supply Co. v. Zurich American Ins. Co.,* 386 Ill.App.3d 88, 105 (Ill. App. Ct. 2008)).

The Plaintiffs also cite *Mountain Fuel*, 933 F.2d at 889. There the court recognized the usual rule that a certificate of insurance does not ordinarily modify the terms of a policy. It found, however, that it was dealing with "an unusual certificate of insurance" that went "beyond the mere absence of a disclaimer or deferral to the policy" to state that it did "not amend, extend or otherwise alter the terms and conditions of the insurance coverage in the policies identified above, *except as above set forth.*" *Id*. Accordingly, the Court found that the emphasized

---

[6] This opinion is accessible at *Sumitomo Marine and Fire Insurance Company of America v. Southern Guarantee Insurance Company of Georgia*, No. 1:02-CV-584 dkt. 64, pgs. 393-422 (N.D. Ga. Dec. 19, 2003).

7

language indicated an intent to incorporate the terms and conditions of the certificate into the underlying insurance contract. The certificate of insurance in this case has no such language.

Thus, the Plaintiffs' argument that the certificate of insurance issued by Aon added them as additional insureds is not well taken. The Plaintiffs have not alleged that Aon was Lexington's agent. Further, even if Aon was Lexington's agent, a certificate of insurance is ordinarily not sufficient to modify the terms of an insurance policy. Indeed, even if the Court found that Indiana would recognize an exception to that rule where there is an express manifestation of intent by the insurer or its agent to incorporate the terms of a certificate of insurance into a policy, the Plaintiffs allege no such manifestation of intent here. Finally, the authority relied upon by the Plaintiffs is non-binding and largely distinguishable.

*The Policy*

In addition to alleging that they were added to Chrysler's policy as additional insureds, the Plaintiffs contend that they are covered under the text of the Policy itself. The Policy names as the insured:

> Chrysler LLC and all subsidiary, affiliated, associated, or allied companies, corporations, entities, or organizations as may now or hereafter be constituted, for which the Insured has the responsibility for purchasing insurance and for which coverage is not otherwise more specifically provided.
>
> It is agreed that coverage provided by this policy also applies to the Insured's interests in any partnership, joint venture, joint lease or joint operating agreement unless such interest is specifically excluded by endorsement to this policy. [DE 1-5 at 17].

Thus, the policy covers Chrysler, as well as its subsidiary, affiliated, associated and allied entities. The Plaintiffs do not, however, allege facts indicating that they have such a relationship with Chrysler. Their complaint alleges only that they and CRC were in a landlord-tenant relationship. But entering into a commercial leasing relationship with a Chrysler subsidiary hardly makes the Plaintiffs a "subsidiary, affiliate, associated, or allied" entity of Chrysler. *See*

8

*Sears, Roebuck & Co. v. Commercial Union Ins. Corp.*, 982 S.W.2d 151, 155 (Tex. App. 1998) ("The phrase 'subsidiary, affiliated, associated or allied' contemplates a more intimate relationship than that of landlord-tenant"); *Travelers Indem. Co. v. United States*, 543 F.2d 71, 76 (9th Cir. 1976) (finding that two entities were not "affiliates" or "associates" despite some common ownership and control and mutuality of interest in property); *In re Marine Sulphur Transp. Corp.*, 312 F. Supp. 1081, 1103 (S.D.N.Y. 1970) (finding that "a simple and arm's-length" contractual relationship did not make two companies "affiliated and/or associated and/or allied."). As such, the Court finds that the Plaintiffs' complaint fails to allege that the Plaintiffs are encompassed by the Policy's definition of "insured." The Plaintiffs have thus not plausibly alleged that they were a party to the Policy.[7]

### 3. Leave to Amend

Finally, the Plaintiffs seek leave to amend their complaint to assert third party beneficiary and reformation claims under Federal Rule of Civil Procedure 15(a)(2).[8] A motion to amend a complaint, however, must be filed separately, rather than incorporated into a response to a motion to dismiss. *Pierce v. Illinois Dep't of Human Servs.*, 128 F. App'x 534, 537 (7th Cir. 2005) ("a plaintiff may not amend his or her complaint to state a new claim on appeal or in a memorandum opposing dismissal") (emphasis omitted); *Capital Info. Tech. Sols.*, 2012 WL 1677957, at *3; N.D. Ind. L.R. 7-1(a). A separate motion to amend is particularly important to alleviate confusion in this case, as the Plaintiffs have now attached three proposed amended complaints to their filings. Accordingly, the Court declines the Plaintiffs' request to amend their

---

[7] The Plaintiffs briefly speculate that they may be covered under other "locally admitted" policies issued by Lexington. [DE 20-1 at 6]. Neither their complaint nor their proposed amended complaints, however, make any allegation with regard to such policies.

[8] For reasons that are unclear, the Plaintiffs sought leave to file an amended complaint under Rule 15(a)(2) rather than invoke their ability to file an amended complaint as a matter of course within twenty-one days of service of Lexington's motion to dismiss. Fed. R. Civ. P. 15(a)(1).

complaint as procedurally improper. If the Plaintiffs wish to file an amended complaint, they may file a separate motion that seeks permission to do so.

## CONCLUSION

Since the Plaintiffs have not alleged a plausible claim for relief, this matter is **DISMISSED without prejudice**.[9] To the extent that the Plaintiffs believe they may be able to state a valid claim for relief, they may seek leave to file an amended complaint prior to July 16, 2016.

SO ORDERED.

ENTERED: June 16, 2016

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court

---

[9] The Plaintiffs do not object to dismissal of their bad faith claim, so the Court does not address it.