**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DYNASTY INTERNATIONAL LLC and BRUCE MICHAEL ABRAHAMSON, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:15-CV-374-JD-JEM |
| LEXINGTON INSURANCE COMPANY, Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to Amend Plaintiffs' Complaint [DE 27], filed by Plaintiffs on July 15, 2016. Defendant responded on July 29, 2016. Plaintiffs have not replied, and the time to do so has passed.

**I.  Background**

Plaintiffs are successors in interest to a property in Highland, Indiana, which they leased to Chrysler Realty Company. Chrysler in turn acquired an insurance policy covering the property with Defendant Lexington Insurance Company.

When the property was damaged, Plaintiffs requested reimbursement for their damages from Lexington, but Lexington declined to pay. Lexington said that Chrysler's policy did not list Plaintiffs as loss payees or insureds.

Plaintiffs sued Lexington, but the Court dismissed Plaintiffs' initial complaint for failing to allege a plausible claim for relief. Specifically, the Court found that Plaintiffs had not plausibly alleged that they were parties to the policy such that Lexington breached the policy when it refused to compensate Plaintiffs for their loss. Plaintiffs argued that they were in fact named insureds either (a) under the policy's language; or (b) because Aon Risk Services Central, Inc. had added them to

1

the policy by issuing a certificate of insurance. But the Court found that (a) Plaintiffs had failed to allege that they were encompassed by the policy's definition of "insured"; (b) Plaintiffs had failed to allege an agency relationship between Lexington and Aon; and (c) even if Plaintiffs *had* adequately alleged agency, "a certificate insurance, without more, is insufficient to amend a policy to add an additional insured" [DE 26].

Now, Plaintiffs have filed a motion for leave to file an amended complaint. They say the proposed amended complaint attached to the motion cures the initial complaint's deficiencies. Lexington objects and says that the Court should deny Plaintiffs' motion for leave and dismiss the case with prejudice.

## II. Analysis

When a party seeks leave to amend a pleading, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend lies within the district court's discretion, but if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). By contrast, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or *futility of the amendment*." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (emphasis added). An amendment is "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001); *Sound of Music Co. v. 3M*, 477 F.3d 910, 923 (7th Cir. 2007).

2

Here, the Court finds that allowing Plaintiffs to file the proposed amended complaint would be futile, because the proposed amended complaint would not survive a motion to dismiss. Even with several new allegations, the proposed amended complaint still does not plausibly allege that Plaintiffs were a party to the policy.

The proposed amended complaint includes three new allegations that are relevant: (1) that Plaintiffs were listed as additional insureds "on the Policy" (¶ 24); (2) that Plaintiffs were listed as additional insureds, loss payees, mortgagees, or lenders "by specific endorsement" (¶ 25); and (3) that Aon Risk Services Central, Inc., acting as Lexington's agent, listed Plaintiffs as additional insureds via a certificate of property insurance (¶¶ 26-28). The Court will address each new allegation in turn.

### A. The allegation that Plaintiffs were listed as additional insureds "on the Policy"

First, the proposed amended complaint newly alleges that Plaintiffs were listed as additional insureds "on the Policy" (¶ 24). But the policy attached to the proposed amended complaint contradicts this allegation: it does not name Plaintiffs as insureds or as additional insureds. *See* Commercial Property Policy, DE 27-4 at 17 (listing insureds as "Chrysler LLC and all subsidiary, affiliated, associated, or allied companies, corporations, entities or organizations " and listing no additional insureds). So while the proposed amended complaint alleges that the policy listed Plaintiffs as additional insured, the policy itself contradicts that allegation. And "when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Indiana Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998).

The policy does list Chrysler as a named insured, and the initial complaint—like the

3

proposed amended complaint—alleged that Plaintiffs had a landlord-tenant relationship with a Chrysler subsidiary. But the Court dismissed the initial complaint because "entering into a leasing relationship with a Chrysler subsidiary hardly makes Plaintiffs a 'subsidiary, affiliate, associate, or allied' entity of Chrysler" [DE 26]. In other words, the initial complaint did not "allege facts indicating that [Plaintiffs had] a relationship with Chrysler" such that the policy covered them [DE 26]. Because the proposed amended complaint is identical to the initial complaint in this regard, it follows that the proposed amended complaint likewise does not allege facts indicating that the policy covered Plaintiffs because of Plaintiffs' relationship with Chrysler.

In sum, the proposed amended complaint does not cure the initial complaint's failure to plausibly allege that the policy's definition of "insured" encompassed Plaintiffs.

### B. The allegation that Plaintiffs were listed as additional insureds, loss payees, mortgagees, or lenders "by specific endorsement"

Second, the proposed amended complaint newly alleges that Plaintiffs were listed as additional insureds, loss payees, mortgagees, or lenders "by specific endorsement" (¶ 25). The proposed amended complaint does not allege any facts that support this allegation, and moreover the allegation is contradicted by the fact that the policy attached to the proposed amended complaint does not include any endorsement naming Plaintiffs as additional insureds, loss payees, mortgagees, or lenders. A written instrument attached to a complaint trumps the complaint's allegations, *Northern Indiana Gun & Outdoor Shows*, 163 F.3d at 454, and consequently Plaintiffs' proposed amended complaint does not plausibly allege that the policy covered Plaintiffs by way of an endorsement.

### C. The allegation that Aon, as Lexington's agent, listed Plaintiffs as additional insureds via a certificate of property insurance

Third, the proposed amended complaint alleges that Aon was Lexington's agent and that Aon listed Plaintiffs as additional insureds via a certificate of property insurance (¶¶ 26-28). But when the Court dismissed the initial complaint the Court noted that even *with* such an allegation of agency, "a certificate of insurance, without more, is insufficient to amend a policy to add an additional insured." *See* DE 26 (citing *Am. Family Ins. Co. v. Globe Am. Cas. Co.*, 774 N.E.2d 932, 939 (Ind. Ct. App. 2002)). And even assuming that it is possible to allege facts showing a manifestation of intent to incorporate a certificate's terms into a policy such that the terms are incorporated—it may not be possible, *see* DE 26—the proposed amended complaint here does not allege any facts indicating a manifestation of such intent. So this new allegation is irrelevant.

## III. Conclusion

Because allowing Plaintiffs to file the proposed amended complaint would be futile, the Court **DENIES** Plaintiffs' Motion for Leave to Amend Plaintiffs' Complaint [DE 27].

The Court declines to address Lexington's request in its response brief that the Court dismiss the case with prejudice. Such a motion must be filed separately. *See* N.D. Ind. L.R. 7-1.

To the extent Plaintiffs still believe they may be able to plead a valid claim for relief, they may seek leave to file an amended complaint on or before November 23, 2016.

SO ORDERED this 25th day of October, 2016.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record